UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-____

United States of America,

    Plaintiff,

    v.  **COMPLAINT**

Brooklyn Park 73rd Leased Housing
Associates, LLC; Dominium Management
Services, LLC; Susan Meyer; and
Gina Estrem,

    Defendants.

The United States of America, for its complaint against Defendants Brooklyn Park 73rd Leased Housing Associates, LLC; Dominium Management Services, LLC; Susan Meyer; and Gina Estrem, alleges:

## NATURE OF ACTION

1. This is an action brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 through 3619 ("the Act").

2. The United States alleges that Defendants engaged in discriminatory refusal to rent; discrimination in the terms, conditions or privileges of rental; refusal to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford a person equal opportunity to enjoy a dwelling; and unlawful retaliation in the form of interference with the enjoyment of a

dwelling on account of the exercise of protected rights, in violation of the Fair Housing Act, 42 U.S.C. §§ 3604(f)(1)(A), (f)(2)(A), (f)(3)(B) and 3617.

3. Complainant Raelynn Gonzalez filed a complaint of discrimination with the United States Department of Housing and Urban Development ("HUD").

4. HUD charged the Defendants with discrimination on the basis of disability, failure to make a reasonable accommodation and retaliation, in violation of the Fair Housing Act.

5. Complainant elected to have the claims stated in the HUD charge determined in a civil action, per her rights under the Fair Housing Act. 42 U.S.C. § 3612(a).

6. The United States therefore brings this action for injunctive relief and monetary damages on behalf of Raelynn Gonzalez pursuant to the Fair Housing Act. 42 U.S.C. § 3612(o).

## STATEMENT OF JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 3612(o).

## PARTIES

9. Plaintiff is the United States of America.

10. Defendant Brooklyn Park 73rd Leased Housing Associates, LLC ("Brooklyn Park"), doing business as Huntington Place Apartments, is the owner of Huntington Place Apartments.

11. Defendant Dominium Management Services, LLC ("Dominium") acts as the authorized management agent for the owner.

12. Defendant Susan Meyer is an employee of Dominiun and serves as the Community Manager for Brooklyn Park. In this capacity, she oversees a staff of 23 employees, and is responsible for giving employees direction, doing inspections, and making sure that employees are trained on company policies.

13. Defendant Gina Estrem is a Regional Manager of Dominium. Ms. Estrem supervises eight community managers, including Ms. Meyer.

14. Complainant Raelynn Gonzalez was a tenant of Brooklyn Park. Ms. Gonzalez has been diagnosed with mental health disabilities. These disabilities stem at least in part from traumatic events she has suffered, including witnessing her boyfriend's death due to a self-inflicted gunshot in 2007, and from witnessing her mother's murder in 2008.

15. Her disabilities substantially impair major life activities including sleeping, interacting with others, learning, concentrating, and caring for herself.

16. Ms. Gonzalez is, therefore, a person with disabilities under the Act, 42 U.S.C. § 3602(h).

17. In about January 2012, Ms. Gonzalez's brother gave her a young pit bull. Subsequently, Ms. Gonzalez's treating psychologist recognized that Ms. Gonzalez's relationship with the dog was extremely beneficial in helping to alleviate the symptoms of her disabilities. The psychologist has verified that the dog is "a major and required part of her treatment program."

18. Her treating psychologist has informed the Defendants of the critical role that her dog plays in her treatment plan, and that "[h]aving the dog living with her has made it possible for her to live in her apartment, work at her job and support herself and pay her bills including her apartment."

19. Ms. Gonzalez's dog is, therefore, a required part of her treatment for her disabilities, and it ameliorates the effects of her disabilities by providing emotional support and helping her engage in major life activities.

## FACTS

20. Ms. Gonzalez was a tenant at the subject property at 5817 73rd Avenue North, Brooklyn Park, Minnesota, from December 1, 2012 through November 30, 2013.

21. Defendants allow pets and service animals at the subject property, but have a "no dangerous breeds" policy, which prohibits pit bulls.

22. In February 2013, Defendants learned that Ms. Gonzalez was keeping a pit bull in her apartment.

4

23. On March 1, 2013, Ms. Gonzalez asked the Defendants for a reasonable accommodation to their pet policy so that she could keep the emotional support animal in her apartment.

24. Defendants, through counsel, denied Ms. Gonzalez's request for a reasonable accommodation and directed her to remove her dog from the apartment within five days or be subject to a potential sanction for breach of lease.

25. Defendants based this determination upon the breed of the animal, not because of any evidence that the dog in question posed a threat of harm or would cause substantial physical damage to the property of others.

26. On April 23, 2013, Ms. Gonzalez, through her attorneys at Mid-Minnesota Legal Aid, provided documentation confirming that the requested accommodation would help alleviate the symptoms of her disabilities, thereby permitting her equal opportunity to enjoy the Defendants' property. She again requested a reasonable accommodation.

27. Defendants again denied the requested accommodation and threatened eviction.

28. On May 3, 2013, Ms. Gonzalez, through her attorney, provided a second letter from her treating psychologist verifying her specific disabilities, the need for an emotional support animal, and indicating that retaining this specific animal was important to her in alleviating the symptoms of her disabilities. The psychologist wrote, among other things, that "being permitted the accommodation of having her current dog living with her in her apartment is absolutely necessary for her to be able to live in the apartment and to be able to function in he[r] life including the necessity of her being able

5

to sleep at night . . . Having the dog living with her is essential to her program in her recovery from the severe trauma she suffered."

29. On May 6, 2013, Ms. Gonzalez, through counsel, provided Defendants with the HUD-DOJ Joint Statement on Reasonable Accommodations guidance relating to assistance animals for persons with disabilities.

30. Defendants' attorney insisted that the May 3 letter was insufficient to establish the need for Ms. Gonzalez to keep her emotional support dog and demanded to speak directly to Ms. Gonzalez' treating psychologist upon threat of eviction. On May 20, 2013, Defendants' attorney wrote that he was no longer interested in continuing to correspond with Ms. Gonzalez's attorney, and would file an eviction action against Ms. Gonzalez that week.

31. On May 22, 2013, Ms. Gonzalez filed in Minnesota state district court a disability discrimination complaint against the Defendants for their refusal to grant her reasonable accommodation, and a motion for a temporary restraining order to prevent the Defendants from evicting her before the court ruled on the disability discrimination complaint.

32. On May 29, 2013, the Minnesota state district court judge denied her request for a temporary restraining order and ordered expedited informal discovery of Ms. Gonzalez's psychologist to allow Defendants to assess the need for a reasonable accommodation.

33. Ms. Gonzalez dismissed her disability discrimination complaint, without prejudice, and arranged for an interview of her psychologist before a court reporter on June 6, 2013.

34. During the interview, the psychologist described the importance of the relationship Ms. Gonzalez had with her dog and its role in her treatment and recovery from trauma, and stated that losing her dog would be "hugely traumatic for her."

35. On June 18, 2013, in lieu of granting her requested accommodation, Defendants gave Ms. Gonzalez two options to avoid eviction: (1) immediately terminate her lease with the return of her June rent and security deposit; or (2) keep the dog through the end of the lease, but with the additional burdens of purchasing an insurance policy to cover the dog with Defendants listed as a co-insured, acquiring an emotional support animal vest to be worn by her dog at all times outside her apartment, keeping the dog leashed when outside her apartment, and executing an indemnification and hold harmless waiver indemnifying the Defendants from any harm caused by the dog.

36. On June 21, 2013, Ms. Gonzalez accepted the second option and agreed to perform the obligations under the agreement.

37. On June 30, 2013, Ms. Gonzalez executed an indemnification agreement and provided proof of liability insurance policy to Defendants.

38. On September 13, 2013, Defendants informed Ms. Gonzalez that her lease would not be renewed, and she was required to vacate her apartment by November 30, 2013.

39. On October 1, 2013, Ms. Gonzalez, through her attorney, sent Defendant a letter stating that the notice to terminate her tenancy was in retaliation for her attempt to enforce her rights under the Act.

40. In response, Defendants asserted that the accommodation of Ms. Gonzalez's request allowed her to stay in her apartment only until the end of her then-current lease term.

41. On October 8, 2013, Ms. Gonzalez offered a voluntary mediation relating to this disagreement, in hopes of being allowed to remain in her apartment.

42. On November 19, 2013, Defendants requested, in exchange for a 15-day extension of Ms. Gonzalez's tenancy while the parties mediated the issue, a full release of any claims she might have against the Defendants.

43. On November 21, 2013, Ms. Gonzalez informed Defendants that she would not release her claims, and that she planned to vacate her apartment by November 30, 2013.

## PROCEDURAL BACKGROUND

44. As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted an investigation of the complaint made by Ms. Gonzalez, attempted conciliation without success, and prepared a final investigative report.

45. Based on the information gathered in his investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred. On April 14, 2015, the Secretary

issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g), charging the Defendants with discrimination under the Fair Housing Act under 42 U.S.C. §§ 3604(f)(1)(A), (f)(2)(A), (f)(3)(B) and 3617.

46. On April 17, 2015, Complainant Raelynn Gonzalez timely elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a).

47. On April 20, 2015, a HUD Administrative Law Judge issued a Notice of Election and terminated the administrative proceedings on the HUD complaint filed by Ms. Gonzalez. Following the Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o).

48. The United States now timely files this Complaint pursuant to the Fair Housing Act, 42 U.S.C. § 3612(o).

## FAIR HOUSING ACT VIOLATIONS

49. The United States incorporates by reference the preceding paragraphs of this Complaint.

50. Defendants discriminated against Ms. Gonzalez, a person with disabilities, in the rental of a dwelling to Ms. Gonzalez by denying her the opportunity to renew her lease because of her assistance animal, required because of her disabilities, in violation of 42 U.S.C. § 3604(f)(1)(A).

51. Defendants discriminated against Ms. Gonzalez, a person with disabilities, in the terms, conditions, or privileges of rental of a dwelling because of her disabilities, in violation of 42 U.S.C. § 3604(f)(2)(A).

52. Defendants refused to make a reasonable accommodation in rules, policies, practices, or services, when such an accommodation was necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

53. Defendants terminated Ms. Gonzalez' tenancy in retaliation for her exercise of her right to a reasonable accommodation in the form of an assistance animal, in violation of 42 U.S.C. § 3617.

54. Ms. Gonzalez is an aggrieved person as defined in 42 U.S.C. § 3602(i) and has suffered injuries as a result of Defendants' actions.

55. Defendants' discriminatory actions were intentional, willful, and taken in disregard of the rights of Ms. Gonzalez.

## REQUEST FOR RELIEF

WHEREFORE, the United States requests that this Court:

1. Declare that Defendants' discriminatory housing practices as set forth above violate the Fair Housing Act;

2. Enjoin and restrain Defendants, their officers, employees, agents, successors, and all other persons or corporations in active concert or participation with Defendants, from:

      A.      Discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling to any buyer or renter because of disability, in violation of 42 U.S.C. § 3604(f)(1);

      B.      Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

      C.      Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

      D.      Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

3.      Order Defendants to take such affirmative steps as may be necessary to restore, as nearly as practicable, Ms. Gonzalez to the position she would have been in but for the discriminatory conduct;

4.      Order Defendants to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent

practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no applicants or residents are discriminated against because of disability;

5. Award monetary damages to Ms. Gonzalez pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

6. Order such additional relief as the interests of justice require.

DATE: May 18, 2015

ANDREW M. LUGER
United States Attorney

s/ Craig R. Baune

BY:  CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600