United States of America,

                          Plaintiff,

and

                                                    **CONSENT DECREE**

Raelynn Gonzalez,

                          Plaintiff/Intervenor,

vs.

Brooklyn Park 73rd Leased Housing
Associates, LLC; Dominium Management
Services, LLC; Susan Meyer;
and Gina Estrem,

                          Defendants.

## I.    <u>INTRODUCTION</u>

1.    The United States filed this action on May 18, 2015, to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 to 3631.

2.    The United States alleges that Defendants Brooklyn Park 73rd Leased Housing Associates, LLC ("Brooklyn Park 73rd") and; Dominium Management Services, LLC ("Dominium"); Susan Meyer ("Meyer"); and Gina Estrem ("Estrem") denied Plaintiff/Intervenor Raelynn Gonzalez the reasonable accommodation of an assistance animal and discriminated against Ms. Gonzalez in violation of the Fair Housing Act at

Huntington Place Apartments.[1]  The United States further alleges that, as a result of these actions, aggrieved person, Ms. Gonzalez, was denied the full use and enjoyment of, and was required to permanently vacate, an apartment unit for rent by the Defendants at 5817 73rd Avenue North, Brooklyn Park, Minnesota.

3.     Specifically, the United States alleges that the Defendants engaged in the following housing practices that discriminated on the basis of Ms. Gonzalez's disability:

a. Applying a breed prohibition contained in a pet policy to Ms. Gonzalez's support animal;

b. Denying Ms. Gonzalez the opportunity to renew her lease and requiring her to permanently vacate her apartment due to the breed of her support animal;

c. Requiring Ms. Gonzalez to purchase a liability insurance policy for her support animal;

d. Requiring Ms. Gonzalez's support animal to wear a vest that identifies it as a support animal; and

e. Demanding a detailed interview with Ms. Gonzalez's psychologist after receiving a letter from the psychologist that verified Ms. Gonzalez's specific disabilities and need for her support animal.

---

[1] Huntington Place Apartments ("the property") is a complex composed of six buildings containing approximately 834 rental units. The property's mailing address is 5805 73rd Avenue North, Brooklyn Park, MN  55429.

4.     Ms. Gonzalez filed a fair housing complaint with the United States Department of Housing and Urban Development (HUD) alleging that Defendants had discriminated against her on the basis of her disability.

5.     As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary of HUD investigated the complaint made by Ms. Gonzalez, attempted conciliation without success, and prepared a final investigative report.   Based on information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred.   On or about April 14, 2015, therefore, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g), and charged the Defendants with discrimination under the Fair Housing Act under 42 U.S.C. §§ 3604(f)(1), 3604(f)(2), 3604(f)(3)(B), and 3617.

6.     On April 17, 2015, Ms. Gonzalez elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a).   The Secretary subsequently authorized the Attorney General to file this action on behalf of aggrieved person Ms. Gonzalez, pursuant to 42 U.S.C. § 3612(o).

7.     The parties agree that, to avoid costly and protracted litigation, the claims against Defendants should be resolved without further proceedings or a trial.   This Consent Decree resolves the United States' and the intervenor's claims in their Complaints against the Defendants.

8.     The Defendants deny that they violated the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.* or any other federal, state, or local statute or regulation that

prohibits discrimination. The Defendants also deny any and all allegations made by the United States in the Complaint and this Consent Decree. Nothing herein shall be construed as a finding of any noncompliance with the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.* or any other federal, state or local statute or regulation.

## II.    INJUNCTION

9.    Defendants, their agents, employees, and all other persons in active concert or participation with them, are hereby enjoined from:

a.    Refusing to rent after the making of a bona fide offer, or refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of disability in violation of 42 U.S.C. § 3604(f)(1)(A);

b.    Discriminating against persons in the terms, conditions, or privileges of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2)(A);

c.    Refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

d.    Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or

enjoyed any right granted by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

## III. POLICY CONCERNING REQUESTS FOR ASSISTANCE ANIMALS

10.     No later than thirty (30) days of the date of entry of this Consent Decree, Defendants Brooklyn Park 73rd and Dominium shall adopt the reasonable accommodation policy ("the New Policy") set forth in Attachment A for implementation at Huntington Place Apartments.

11.     Within forty-five (45) days of the date of entry of this Consent Decree, Defendants Brooklyn Park 73rd and Dominium shall notify in writing each resident of Huntington Place Apartments of the adoption and implementation of the New Policy. Notice shall be sent via first-class mail, postage prepaid, to each tenant of the property.

12.     Within thirty (30) days of the entry of this Consent Decree, Defendants shall post and prominently display in each and every location where activity related to the management or rental of the Huntington Place Apartments occurs, a poster no smaller than 11 inches by 14 inches that indicates that all dwellings are available for rent on a nondiscriminatory basis. The poster shall comply with the requirements set out in 24 C.F.R. Part 110.

13.     The New Policy, once adopted, shall supersede all existing policies, procedures, and resolutions concerning or affecting approval of reasonable accommodations at Huntington Place Apartments, including but not limited to approval of assistance animals.

14.     No later than fourteen (14) days after adoption of the New Policy, Defendants Brooklyn Park 73rd and Dominium shall apprise each of their employees, agents, and any other persons responsible for the rental of units at Huntington Place Apartments of each persons' obligations under this Consent Decree, including but not limited to the New Policy, and under the Fair Housing Act, 42 U.S.C. §§ 3601-3631. Defendants shall furnish each such employee, agent, or other person with a copy of this Consent Decree.  Each employee, agent or other person covered by this paragraph shall sign a statement in the form of Attachment B acknowledging that he or she has received, read and understands this Consent Decree, and declaring that he or she will perform his or her duties in accordance with this Consent Decree and the Fair Housing Act, 42 U.S.C. §§ 3601-3631.

15.     During the term of this Consent Decree, new employees, or agents who have responsibility related to the management of or rental of units at Huntington Place Apartments, shall be (a) apprised of the contents of this Consent Decree, including but not limited to the New Policy, and of their obligations under the Fair Housing Act, 42 U.S.C. §§ 3601-3631, when their term, employment, or agency commences; (b) provided copies of this Consent Decree and the New Policy, and (c) execute the statement contained in Attachment B no later than five (5) days following their first day of employment.

## IV.     <u>MANDATORY EDUCATION AND TRAINING</u>

16.     Within  sixty (60) days of the Entry of this Consent Decree, Defendants and their employees, agents, and members who have responsibility related to the management

of or rental of units at Huntington Place Apartments, shall attend, at the expense of Brooklyn Park 73rd and Dominium, a training program regarding the Fair Housing Act, including its disability discrimination provisions. The training shall be conducted by a qualified third party, approved by the United States, and unconnected to Defendants, their employees, agents, or counsel.

17. Defendants shall obtain from the trainer or training entity certificates of attendance signed by each individual who attended the training. The certificate shall include the name of the course, the date the course was taken, the subject matters covered in the course, and the length of the course and/or time within which the course was completed.

## V.     NONDISCRIMINATION POLICIES

18. Throughout the term of this Consent Decree, Defendants shall ensure that any new advertising for rental units in newspapers, in telephone directories, on radio, on television, on the internet, or in other media, and any signs, pamphlets, brochures, or other promotional literature include a fair housing logo, the phrase "Equal Housing Opportunity Provider," and/or the following sentences:

> We are an Equal Opportunity Housing Provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status or disability.

The words or logo should be prominently placed and easily legible.

## VI.   REPORTING AND RECORD-KEEPING

19.     During the term of the decree, Defendants shall notify and provide documentation to the United States of the following events within fourteen (14) days of their occurrence:

a.      The training attended pursuant to Paragraph 16, including the certification required in Paragraph 17;

b.      Any change to any Defendant's rules or practices affecting the keeping of assistance animals at the property;

c.      Any denial by any Defendant of a request by a tenant or prospective tenant to keep an assistance animal, including the resident's name, address, and telephone number, and the details of the request and the reason(s) for its denial;

d.      Any conditions proposed or imposed by any Defendant on a tenant or prospective tenant who keeps or requests to keep an assistance animal, including the resident's name, address, and telephone number, and the details of the request and the reason(s) for any proposed conditions; and

e.      Any written complaint alleging disability discrimination in housing received by any Defendant, including a copy of the written complaint itself and the name, address, and telephone number of the complainant.  Defendants shall also promptly provide the United States with information concerning resolution of the complaint.

20.     During the term of this Decree, Defendants shall preserve all records relating to their obligations under this Consent Decree.  Representatives of the United States shall be permitted, upon providing reasonable notice to Defendants, to inspect and copy at reasonable times any and all records related to Defendants' obligations under this Decree.

## VII.    RELIEF FOR AGGRIEVED PERSONS

21.     No later than fourteen (14) days after the date of entry of this Consent Decree, Defendants shall pay the sum of thirty-five thousand dollars ($35,000), which includes monetary damages and any attorneys' fees, to Complainant/Intervenor Raelynn Gonzalez by delivering to counsel for Ms. Gonzalez one check payable to Mid-Minnesota Legal Aid in the amount of $35,000.

22.     As a prerequisite to receiving such payment, Raelynn Gonzalez shall execute and deliver to counsel for the United States a release of all claims, legal or equitable, that she may have against Defendants relating to the claims asserted in this lawsuit.  Such release shall take the form of Attachment C.  Counsel for the United States shall deliver the original release form to counsel for Defendants.

## VIII.   JURISDICTION, DURATION, MODIFICATION, AND REMEDIES

23.     The parties stipulate, and the Court finds, that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

24.     This Consent Decree is effective immediately upon its entry by the Court.

25.     This Court shall retain jurisdiction over this action and the parties thereto for the duration of this Decree for the purpose of enforcing and modifying its terms.  This Decree shall be in effect for a period of two (2) years from its effective date.

26.     Any time limits for performance imposed by this Decree may be extended by mutual written agreement of the parties.

27.     Each party shall notify the other party of any dispute or difference regarding interpretation and compliance with this Decree, whether willful or otherwise, and shall attempt to resolve such dispute informally.  However, in the event of a failure by a Defendant to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, Plaintiff may move this Court to impose any remedy authorized by law or equity, including but not limited to an order requiring performance of such act or deeming such act to have been performed, as well as an award of damages, costs and reasonable attorney's fees occasioned by the violation or failure to perform.

28.     All parties shall be responsible for their own attorney's fees and costs, except as otherwise provided in this Decree.

29.     The parties agree that, as of the date of the entry of this Order, litigation is not "reasonably foreseeable" concerning the matters described in Paragraphs 1-22 above. To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraphs 1-22, the party is no longer required to maintain such a litigation hold.

Nothing in this Paragraph relieves any party of any other obligations imposed by this Consent Order.

So ORDERED this 22<u>nd</u> day of <u>January</u>, 2016.


      <u>s/Patrick J. Schiltz</u>
      Patrick J. Schiltz,
      United States District Judge

The undersigned hereby apply for and consent to the entry of this Consent Decree:

ON BEHALF OF THE UNITED STATES OF AMERICA:
VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Acting Chief
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
Housing and Civil Enforcement Section
Civil Rights Division

ANDREW M. LUGER
United States Attorney

 /s/Craig R. Baune                               Dated: 1/21/2016
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID Number 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600
Email: craig.baune@usdoj.gov

ON BEHALF OF ALL DEFENDANTS:

 /s/ Scott P. Moore                          Dated: 1/19/2016           
SCOTT P. MOORE,
Attorney ID Number NE 20752 (*pro hac vice*)
Baird Holm, LLP
1700 Farnam Street, Suite 1500
Omaha NE 68102-2068
402-344-0500
spmoore@bairdholm.com


ON BEHALF OF RAELYNN GONZALEZ:

 /s/Mawerdi Hamid                    Dated: 1/15/2016           
MAWERDI HAMID, Attorney ID No. 0393130
LAEL ROBERTSON, Attorney ID No. 0348211
Mid-Minnesota Legal Aid
430 First Avenue North, Suite 300
Minneapolis, MN  55401
Phone:  612-746-3619
Email: mhamid@mylegalaid.com

**Huntington Place Apartments**
**Reasonable Accommodation Policy**

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. The owner and manager of Huntington Place Apartments ("Huntington Place"), Brooklyn Park 73rd Leased Housing Associates, LLC ("Brooklyn Park 73rd") and Dominium Management Services, LLC ("Dominium") and their employees, agents, and designees, are committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at any and all of their rental units.

Reasonable accommodations may include waiving or varying rules or policies to allow a resident with a disability to keep an "assistance animal." An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal"). The most common Assistance Animals are dogs, although other animals may qualify as assistance animals. Assistance Animals are not considered to be "pets" under Huntington Place Apartment's policies. Brooklyn Park 73rd and Dominium recognize the importance of Assistance Animals and are dedicated to ensuring that their tenants with Assistance Animals – whether owners, occupants or renters – may keep them in their units.

If a resident with a disability requests a reasonable accommodation for an Assistance Animal, Brooklyn Park 73rd or Dominium will determine whether the animal may be necessary to afford the resident an equal opportunity to enjoy living at Huntington Place. In some cases, both the disability and the necessity for the Assistance Animal are obvious – for example, a dog guiding an individual who is blind or has low vision, or a dog pulling the wheelchair of a person with a mobility disability. If this is the case, no further inquiry will be made and Brooklyn Park 73rd or Dominium will grant the resident the accommodation unless the presence of the animal (1) imposes an undue financial and administrative burden; (2) fundamentally alters the nature of Huntington Place's operations; or (3) would pose a direct threat to the health and safety of other people.

In the case of a resident who requests a reasonable accommodation for an Assistance Animal and the disability of the resident and/or the necessity for the Assistance Animal is not obvious, Brooklyn Park 73rd or Dominium may require a

written verification from a health or social service professional[2] indicating that the applicant has a disability[3] and the presence of the animal may be necessary to provide the resident an equal opportunity to use and enjoy Huntington Place.

Brooklyn Park 73rd and Dominium will not require:

i.   That the Assistance Animal have any special training or certification;

ii.  That the Assistance Animal be subject to breed restrictions;

iii. That the Assistance Animal be required to wear a vest or other insignia that identifies it as an Assistance Animal; or

iv.  That the resident pay any fee, deposit, or other charge for keeping the animal, or obtain insurance as a condition of keeping the animal.

In processing requests for Assistance Animals, Brooklyn Park 73rd and Dominium will take reasonable measures to protect the confidentiality of any information or documentation disclosed in connection with the requests. Such measures may include limiting access to such information to persons specifically designated to deal with requests for reasonable accommodations, who will disclose information only to the extent necessary to determine whether to grant the request, and keeping all written requests and accompanying documentation in a secure area to which only those designated persons have access, except as otherwise required by law.

It is the responsibility of a person with a disability who is a resident, tenant, or occupant of a unit to inform Defendants as to the need for an Assistance Animal for the resident, tenant or occupant of a unit, and to request a reasonable accommodation and provide any required documentation. A person with a disability may request a reasonable accommodation orally, but Huntington Place may ask the person with the disability to complete or assist in completing a "Form to Request An Assistance Animal" (attached to this Policy). Huntington Place will evaluate the requested accommodation regardless of whether the person completes the written form, but the person must cooperate in providing all information needed to complete the form.

---

[2] "Health or social service professional" means a person who provides medical care, therapy or counseling to persons with disabilities, including, but not limited to, doctors, physician assistants, psychiatrists, psychologists, or social workers.
[3] Under fair housing laws, a person with a disability is defined as a person who has a physical or mental impairment that substantially limits one or more major life activities, is regarded as having such an impairment, or has a record of such an impairment.

If the applicant requires assistance in completing the form, the Property Manager, on-site property caretaker or his or her designee will provide assistance or will fill out the form based on an oral request. Defendants are using the form to record reasonable accommodation requests so that they can obtain only the information necessary to make a reasonable accommodation decision and not obtain confidential information that they do not need to make a reasonable accommodation decision.

In connection with the evaluation of whether the animal's presence at the property would pose a direct threat to the health or safety of others, if the animal requested is listed as a dangerous breed prohibited by Huntington Place's policies, Huntington Place may ask the person requesting the accommodation to provide written evidence from a reliable third party, such as a veterinarian, prior landlord, the animal's breeder, the animal's prior owner or any other reliable third party, that the animal has never posed a direct threat to others.

Once Huntington Place receives the request for an assistance animal and, if applicable, additional verifying information, it will provide a response within fourteen days. Prior to denying a request, Huntington Place will attempt to engage in an interactive process with the person making the request in which the parties discuss possible alternative accommodations that might effectively meet the person's disability-related needs. If a request is denied, an explanation for the denial will be included in the written notification of denial. If a person with a disability believes that a request has been denied unlawfully or that the response is delayed unreasonably, he or she may file a complaint with:

U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity
451 Seventh Street, SW
Washington, DC 20410
(800) 669-9777
http://portal.hud.gov/hudportal/HUD?src=/program_offices/fair_housing_equal_opp/online-complaint

# HUNTINGTON PLACE APARTMENTS
## FORM TO REQUEST AN ASSISTANCE ANIMAL

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities. Brooklyn Park 73rd, Dominium and their employees, agents, or designees are committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at any and all of their rental units.

Under fair housing laws, a person is entitled to a reasonable accommodation if he or she has a disability which is defined as a physical or mental impairment that substantially limits one or more major life activities. The person also must show that he or she may need the accommodation because of the disability. Reasonable accommodations may include waiving or varying rules or policies to allow a resident to keep an assistance animal. An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal").

If you or someone associated with you has a disability and you believe that there is a need for an Assistance Animal as a reasonable accommodation for the person with a disability to use and enjoy a dwelling unit at Huntington Place Apartments, please complete this form and return it to Brooklyn Park 73rd or Dominium. Please check all items that apply and answer all questions. Brooklyn Park 73rd or Dominium will answer this request in writing within 14 days of receiving the request for an assistance animal and, if applicable, the verification from the health care provider. All information provided to Brooklyn Park 73rd or Dominium in connection with this request will be kept confidential, except as otherwise required by law. If you require assistance in completing this form, please call the management office at (telephone number) for assistance or to make an oral request for a reasonable accommodation.

1.      Do you require assistance filling out this form?

        □ Yes   □ No

If your answer is "Yes," and you do not have someone who can assist you, please ask [name and phone number] to assist you in filling out this form.

If your answer is "No," continue on to Question No. 2.

2.      Today's Date: _____

3.      I am (please check one):

_____ **The person who has a disability and is requesting an Assistance Animal**. If so, continue to Question 4.

_____ **A person making a request on behalf of or assisting the person with a disability** who needs an Assistance Animal.  Please fill out the information below:

Name of person filling out form:_____

Address:  _____

Telephone number:  _____

Relationship to person needing Assistance Animal:_____

4.	Name of person with a disability for whom a reasonable accommodation is being requested:

_____

Phone number: _____

Address: _____

5.	Identify the species of animal for which you are making a reasonable accommodation request e.g., "dog," "cat":

_____

6.	Provide the name and physical description (size, color, weight, any tag and/or license) of the animal for which you are making a reasonable accommodation request:

_____

_____

_____

_____	_____
Signature of person making request	Date

_____	_____
Signature of person with disability	Date


Applicant Name:_____

*In the case of a resident who requests a reasonable accommodation for an Assistance Animal and the disability of the resident and/or the necessity for the Assistance Animal is not obvious, please have this form completed and returned by a physician, psychiatrist, or other health or social service professional.*

**TO BE COMPLETED BY THE PHYSICIAN, PSYCHIATRIST, OR OTHER HEALTH OR SOCIAL SERVICE PROFESSIONAL:**

1.      Please provide a statement verifying that the person has an impairment that substantially limits one or more of the person's major life activities.

_____
_____
_____

2.      Please state whether the animal is necessary for the person to have an equal opportunity to use and enjoy housing or alleviate one or more of the effects of the person's disability. If so, please explain how it helps.

_____
_____
_____
_____

Name: _____

Title: _____

Address: _____

Telephone: _____

_____          _____
Signature                                                                        Date

**TO BE COMPLETED BY MANAGEMENT:**

Form accepted by: _____

_____          _____
Signature                                                                        Date

DOCS/1571582.3

6

**ATTACHMENT B**
**Certification of Receipt of Consent Decree**

I certify that I have received a copy of the Consent Decree entered by the United States District Court for the District of Minnesota in *United States of America v. Brooklyn Park 73rd Leased Housing Associates, LLC; Dominium Management Services, LLC; Susan Meyer; and Gina Estrem*, 15-cv-2489 (PJS/SER) (D. Minn.). I further certify that I have read and understand the Decree, that any questions I had concerning the Decree were answered, and that I understand that the Defendants may be sanctioned or penalized if I violate the Decree.

_____
(Signature)

_____
(Printed name)

_____
(Title)

_____
(Date)

In consideration of the Consent Order entered in *United States of America v. Brooklyn Park 73rd Leased Housing Associates, LLC; Dominium Management Services, LLC; Susan Meyer; and Gina Estrem*, 15-cv-2489 (PJS/SER) (D. Minn.) and of the payment of the sum of $35,000 to me pursuant to that Consent Order, I, Raelynn Gonzalez, hereby release and forever discharge Defendants named in this action (Civil Action No. 15-cv-2489 (PJS/SER) (D. Minn.)), and their parents, subsidiaries, related, sister or affiliated corporations, entities or organizations and insurers, and all of its respective past or present trustees, members, partners, directors, officers, employees, agents, predecessors, successors and assigns, in both their individual and organizational capacities (collectively, the "Released Persons"), from any and all liability for any claims, legal or equitable, I may have against any of them arising out of the issues and facts alleged in this action as of the date I sign this release. I fully acknowledge and agree that this release of the Released Persons shall be binding on my heirs, representatives, executors, successors, administrators, and assigns. I hereby acknowledge that I have read and understood this release and have executed it voluntarily and with full knowledge of its legal consequences.

Dated:  _____

                                          Raelynn Gonzalez

DOCS/1571632.3